1  Todd M. Friedman (216752)
   Meghan E. George (274525)
2  Adrian R. Bacon (280332)
3  **LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
   21550 Oxnard St., Suite 780
4  Woodland Hills, CA 91367
5  Phone: 877-206-4741
   Fax: 866-633-0228
6  tfriedman@toddflaw.com
7  mgeorge@toddflaw.com
   abacon@toddflaw.com
8  *Attorneys for Plaintiff*

9            IN THE UNITED STATES DISTRICT COURT
10           FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLEY HALE individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>MANNA PRO PRODUCTS, LLC; DOES 1-10, INCLUSIVE,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>(1) Unfair and Unlawful Violations of Unfair Competition Law (Cal. Business & Professions Code §§ 17200 *et seq*.)<br>(2) Fraudulent Violations of Unfair Competition Law (Cal. Business & Professions Code §§ 17200 *et seq*.)<br>(3) Violations of the False Advertising Law, Cal. Bus. & Prof. Code § 17500, et seq.<br><br>**Jury Trial Demanded** |

Plaintiff ASHLEY HALE ("Plaintiff"), individually and on behalf of all other members of the public similarly situated, allege as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this class action Complaint against Defendant MANNA PRO PRODUCTS, LLC (hereinafter "Defendant") to stop Defendant's practice of double charging consumers for purchases, causing consumers such as Plaintiff, to exceed the limit on their credit cards, and to obtain redress for a nationwide class of consumers ("Class Members") who suffered damages, within the applicable statute of limitations period, as a result of Defendant's improper method of charging consumers.

2. Defendant is a corporation with principal place of business in Missouri and state of incorporation in Missouri and is engaged in the sale and distribution of retail goods nationwide.

3. Defendant has a systemic policy and practice in place to mislead its consumers across the nation. Defendant advertises the items it sells as being of a particular quality, but then includes hidden ingredients in its products without ever disclosing this information to consumers at any time, neither prior to nor at the point of sale.

4. Consumers rely on the advertisements, including price tags, receipts, and signage, in order to evaluate what items to purchase and make an informed decision. Consumers defer to these advertisements in order to determine how much they will spend and how much they were charged. When such information is falsely represented to consumers, their decisions become misinformed and their ability to make responsible choices taken from them.

5. Defendant has utilized its position of power to feed false information to consumers in order to deceive them into making purchases that they would otherwise not make to obtain an unfair and unjust benefit. Specifically, Defendant

has been purposefully, intentionally, and willfully misleading its consumers into believing that the quality of its products, in this case, it's rabbit feed, it much different than it is. Defendant advertises and represents objectively false statements about the fact that it's products do not contain corn, in order to take advantage of consumers who are actively trying to rational economic choices about what to purchase. Defendant has not only taken advantage of those that seek to make these economic decisions, but Defendant is gaining an unfair advantage over its competitors by directly lying to the consumers who rely on Defendant's advertising practices and procedures.

6. Plaintiff thus brings this action on behalf of herself and all those similarly situated to Plaintiff who purchased within the applicable Statute of Limitations a product from Defendant ("Class Members") for damages for the amount of damaged caused to the members of the Class, restitution for the disgorgement of profits made from sales of unfair additional items that Defendant misled the members of the Class into purchasing, and for injunctive, declaratory, and equitable relief demanding that Defendant cease engaging in its unlawful, unfair and fraudulent business and advertising practices.

## JURISDICTION AND VENUE

7. This class action is brought pursuant to Federal Rule of Civil Procedure 23. All claims in this matter arise exclusively under California law.

8. This matter is properly venued in the United States District Court for the Eastern District of California, in that Plaintiff purchased the products from Shasta County and Defendant sold its products to Plaintiff in that location. Plaintiff resides in the Eastern District of California and Defendants do business, inter alia, in the Eastern District of California.

9. There is original federal subject matter jurisdiction over this matter pursuant to the Class Action Fairness Act of 2005, Pub. L. 109-2, 119 Stat. 4 (Feb.

18, 2005), by virtue of 28 U.S.C. §1332(d)(2), which explicitly provides for the original jurisdiction of federal courts in any class action in which at least 100 members are in the proposed plaintiff class, any member of the plaintiff class is a citizen of a State different from the State of citizenship of any defendant, and the matter in controversy exceeds the sum of $5,000,000.00, exclusive of interests and costs.

10. In the case at bar, there are at least 100 members in the proposed Class and Sub-classes, the total claims of the proposed Class members are in excess of $5,000,000.00 in the aggregate, exclusive of interests and costs, and Plaintiff seeks to represent a nationwide class of consumers, establishing minimum diversity.

## THE PARTIES

11. Plaintiff Ashley Hale is a citizen and resident of the State of California, County of Shasta.

12. Defendant MANNA PRO PRODUCTS, LLC. is a corporation company with its principle place of business located and headquartered in Missouri. Defendant conducts business in the State of California, and sells its products throughout. Defendant's State of Incorporation is in Missouri.

13. Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein were performed by, or is attributable to, Defendants and/or its employees, agents, and/or third parties acting on its behalf, each acting as the agent for the other, with legal authority to act on the other's behalf. The acts of any and all of Defendants' employees, agents, and/or third parties acting on its behalf, were in accordance with, and represent, the official policy of Defendants.

14. Plaintiff is informed and believes, and thereon alleges, that said Defendants are in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions of each and all

its employees, agents, and/or third parties acting on its behalf, in proximately causing the damages herein alleged.

15. At all relevant times, Defendants ratified each and every act or omission complained of herein. At all relevant times, Defendants, aided and abetted the acts and omissions as alleged herein.

## PLAINTIFF'S FACTS

16. On September 18, 2017, Plaintiff opened a bag of Manna Pro Products, LLC Select Series rabbit food in order to feed her rabbits. This bag was clearly marked with a label stating "Contains No Corn: Helps Reduce The Risk of Digestive Disorders." The ingredients label similarly omitted any reference to corn as an ingredient in the bag that Plaintiff had purchased.

17. In fact, it is well known by rabbit breeders that corn is very dangerous to feed to rabbit. Research has shown that including corn in the feed can increase the risk of a toxic mold, which mimics rabies and can cause death to the animals. It also is an unhealthy grain for these animals to ingest, causing them to put on "bad" fat, and have increased health issues. For this reason, many breeders and rabbit owners, such as Plaintiff, avoid any food with corn as an ingredient.

18. Plaintiff relief on the information presented to her prior to purchase and at the point of sale when purchasing this brand of rabbit food for her animals.

19. On September 18, 2017, Plaintiff noticed in her recently purchased bag of rabbit food, that there was, in fact, a lot of corn mixed in with the rabbit pellets, despite the clear labeling. Plaintiff picked out at least a half a cup of corn, by hand, from this bag purporting to contain "No corn."

20. Plaintiff immediately called customer service to complain about this occurrence, and was brushed off, stating that this is an "extremely uncommon

occurrence" because the company has such rigorous product management. However, when Plaintiff posted about the occurrence in a nationwide group for rabbit breeders, at least two other breeders who live in Plaintiff's region stated that they had the exact same experience with this Defendant.

21. In fact, in complaints going as far back as 2012, consumers have been posting about this same issue, with repeated assurances by customer service that it was a "batch specific" issue. Clearly, this is an ongoing issue that has never been addressed. In one instance, a consumer was purportedly told by customer service "I was assured that corn is NOT part of the feed, but they also manufacture deer feed for hunting season, so the lady I spoke with thinks the machinery may not have been cleaned properly between the two, causing some cross contamination." [1]

22. Defendant markets its "Pro" series products as having no corn, so that it can sell the feed at a higher cost than other products which do contain corn.

23. When Plaintiff discovered the inclusion of corn in this feed, she was shocked, frustrated, and disgusted.

24. Defendants profit from the sale of their retail products to Plaintiff. If Plaintiff had known that Defendants were adding corn to their products, despite specific labels stating that no corn was added, Plaintiff would never have purchased this product for her rabbits.

25. Defendants never informed Plaintiff that there was corn in the products, and the fact that corn was included defies the clear labeling on the package.

26. On behalf of the class and members of the public similarly situated to Plaintiff seeks an injunction requiring Defendants to cease placing these unfair business practices.

27. Such sales tactics rely on falsities and have a tendency to mislead and

---

[1] http://rabbittalk.com/there-is-corn-in-my-mannapro-t5811-15.html

1 deceive a reasonable consumer.

2 28. Plaintiff alleges that such conduct is part of a common scheme to mislead consumers, is an unfair business practice, and causes damage and harm to consumers such as Plaintiff who are caused to exceed their credit limits and suffer penalties due to these unauthorized charges.

29. Plaintiff would not have purchased the products and services if she knew that the feed included corn.

30. Had Defendants properly represented the contents/ingredients of the rabbit feed, Plaintiff would not have purchased the feed. Defendant should have made this representation clearly to Plaintiff, but instead those facts were concealed.

31. Plaintiff gave her money, attention and time to Defendant because of the representation that the feed did not contain corn. Defendants benefited from falsely advertising the ingredients of the feed. Defendants benefited on the loss to Plaintiff and provided nothing of benefit to Plaintiff in exchange.

32. Had Defendants properly marketed, advertised, and represented the Class Products, no reasonable consumer who purchased or attempted to purchase the feed would have known that, despite false representations, the feed actually did contain corn.

## CLASS ACTION ALLEGATIONS

33. Plaintiff brings this action, on behalf of herself and all others similarly situated, and thus, seeks class certification under Federal Rule of Civil Procedure 23.

34. The class Plaintiff seeks to represent (the "Class") is defined as follows:

> All consumers, who, between the applicable statute of limitations and the present, purchased or attempted to purchase retail products from Defendant that advertised that the products did not contain corn as an ingredient.

35. As used herein, the term "Class Members" shall mean and refer to the members of the Class described above.

36. Excluded from the Class is Defendant, its affiliates, employees, agents, and attorneys, and the Court.

37. Plaintiff reserves the right to amend the Class, and to add additional subclasses, if discovery and further investigation reveals such action is warranted.

38. Upon information and belief, the proposed class is composed of thousands of persons. The members of the class are so numerous that joinder of all members would be unfeasible and impractical.

39. No violations alleged in this complaint are contingent on any individualized interaction of any kind between class members and Defendant.

40. Rather, all claims in this matter arise from the identical, false, affirmative representations of the services, when in fact, such representations were false.

41. There are common questions of law and fact as to the Class Members that predominate over questions affecting only individual members, including but not limited to:

    (a) Whether Defendant engaged in unlawful, unfair, or deceptive business practices in selling products to Plaintiff and other Class Members;

    (b) Whether Defendants made misrepresentations with respect to the products sold to consumers;

    (c) Whether Defendants violated California Bus. & Prof. Code § 17200, *et seq*. and California Bus. & Prof. Code § 17500, *et seq*.;

    (d) Whether Defendants violated California Bus. & Prof. Code § 17200, *et seq*. and California Bus. & Prof. Code § 17500, *et*

*seq.*;

(e) Whether Plaintiff and Class Members are entitled to equitable and/or injunctive relief;

(f) Whether Defendants' unlawful, unfair, and/or deceptive practices harmed Plaintiff and Class Members; and

(g) The method of calculation and extent of damages for Plaintiff and Class Members.

42. Plaintiff is a member of the class she seeks to represent

43. The claims of Plaintiff are not only typical of all class members, they are identical.

44. All claims of Plaintiff and the class are based on the exact same legal theories.

45. Plaintiff has no interest antagonistic to, or in conflict with, the class.

46. Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class Member, because Plaintiff bought Class Products from Defendants during the Class Period.  Defendant's unlawful, unfair and/or fraudulent actions concerns the same business practices described herein irrespective of where they occurred or were experienced.  Plaintiff's claims are typical of all Class Members as demonstrated herein.

47. Plaintiff will thoroughly and adequately protect the interests of the class, having retained qualified and competent legal counsel to represent herself and the class.

48. Common questions will predominate, and there will be no unusual manageability issues.

**FIRST CLAIM FOR RELIEF**
**Unfair and Unlawful Business Practices in Violation of the Unfair Competition Law,**
**Cal. Bus. & Prof. Code § 17200,** *et seq.*
**(On Behalf of the Class)**

49. Plaintiff incorporates the above allegations by reference.

50. Defendant's conduct resulted from policies that Defendant contrived, ratified, and implemented throughout its retail locations.

51. Defendant's conduct is unlawful, in violation of the UCL, because it contravenes the legislatively declared policy against unfair methods of business competition. Additionally, Defendant's conduct is unlawful because, as set forth below, it violates the False Advertising Law and the Consumer Legal Remedies Act.

52. Defendant engaged in unfair methods of competition and unfair trade practices that violate the UCL in at least the following respects:

   a. With the intent and effect of stifling open and vigorous competition in the market for rabbit feed products, Defendant devised and executed a scheme to mislead consumers about the quality of the ingredients in its rabbit feed products.

   b. Defendant intentionally caused the above referenced misleading of consumers through purposeful, willful and intentional objectively false statements and omissions.

   c. Defendant made no action to rectify the above referenced deception and provided no corrective advertising that was easily accessible to consumers which would offset its blatantly false advertising.

   d. By forcing Plaintiff and Class members believe it's products contain high quality ingredients, Defendant has obtained an unfair advantage in the marketplace and has hindered competition for other rabbit feed products.

   e. To induce purchases of Defendant's products, Defendant provided misleading advertisements through various retailers and online marketing.

  f. Defendant's conduct was designed to increase and maintain its share of the rabbit feed market due to conditions separate from competitive factors like pricing and quality of goods.

53. Defendant acted to inhibit competition in a manner that is unfair and substantially injurious to the consuming public. Defendant's unfair methods of competition and unfair acts and practices are contrary to California law and policy and constitute unscrupulous, unethical, outrageous, and oppressive business practices.

54. Defendant has indicated that it considers itself free to commit similar injurious acts of unfair competition in the future. It should be enjoined from doing so pursuant to Business and Professions Code section 17203.

55. The gravity of the harm resulting from Defendant's conduct detailed above outweighs any possible utility of this conduct. There are reasonably available alternatives that would further Defendant's legitimate business interests.

56. Plaintiff and Class members could not have reasonably avoided injury from Defendant's unfair business conduct. Plaintiff and Class members did not know, and had no reasonable means of learning, that Defendant's products did not have the price that Defendant represented.

57. As a direct and proximate result of Defendant's conduct, Plaintiff and Class members have suffered injuries in fact, including because:

  a. Defendant's unfair methods of competition and unfair acts and practices have prevented Plaintiff and Class members from making purchasing decisions on the basis of competitive factors in the marketplace for consumer and business goods.

  b. As a result of Defendant's unfair methods of competition and unfair acts and practices, Plaintiff and Class members who purchased rabbit feed that they would not have purchased absent Defendant's false representations.

     c.    Defendant's unfair methods of competition and unfair acts and practices have caused Plaintiff's and Class members' to purchase items that had substantially less value than advertised.

58. All of Defendant's unlawful and unfair conduct occurred during Defendant's business and was part of a generalized course of conduct.

59. Plaintiff and the Class accordingly are entitled to relief as provided for under the UCL, including restitution, declaratory relief, and a permanent injunction prohibiting Defendant from committing these violations. Plaintiff also respectfully seek reasonable attorneys' fees and costs under applicable law, including California Code of Civil Procedure section 1021.5.

**SECOND CLAIM FOR RELIEF**
**Fraudulent Business Practices in Violation of the Unfair Competition Law,**
**Cal. Bus. & Prof. Code § 17200,** *et seq.*
**(On Behalf of the Class)**

60. Plaintiff incorporates the above allegations by reference.

61. Defendant's conduct resulted from policies that Defendant contrived, ratified, and implemented systematically throughout its retail locations.

62. Defendant's conduct violates the UCL's prohibition of fraudulent business practices.

63. To induce purchases of Defendant's rabbit feed products, Defendant made misleading statements in its advertisements that deceived Plaintiff and Class members and reinforced its reasonable expectation and belief about the quality of its ingredients.

64. A reasonable consumer would expect that they would be able to rely on the price information provided by Defendant.

65. At the time Plaintiff and Class members purchased their Class Products, Defendant was aware of consumers' widespread and common practice of relying on the pricing information of Defendant. Defendant deliberately

furthered, fostered, and reinforced this expectation, through uniform misrepresentations and material omissions.

66. Defendant's uniform listing of false ingredient information communicated to reasonable consumers through the use of tags, signage, receipts, and other representations and omissions mislead these consumers into believing that Defendant's rabbit feed products were different than advertised.

67. These multiple statements, together with (i) consumers' existing reasonable expectations to rely on Defendant's representations, and (ii) Defendant's suppression of the true, material fact that the feed included different ingredients than advertised, completed Defendant's deceptive scheme.

68. Defendant's conduct had a strong tendency and likelihood to deceive reasonable consumers. Defendant's conduct misled, deceived, and tricked Plaintiff and Class members into purchasing Defendant's higher priced rabbit feed, they would not have purchased in the absence of Defendant's deception about the ingredients.

69. When they purchased Defendant's products, Plaintiff and Class members reasonably relied to their detriment on Defendant's misleading statements in its advertisements, representations and omissions. These statements deceived Plaintiff and Class members by, among other things, reinforcing their reasonable expectation and belief that they could rely on Defendant's ingredient information and representations.

70. The ingredient information was material and highly important to Plaintiff and Class members in deciding to purchase Class Products.

71. Defendant has a duty to clearly and conspicuously disclose to Plaintiff and Class members the true and accurate ingredients in its products, because (i) a reasonable consumer would find this information highly important and material to the decision of whether to purchase one particular brand of feed over another, and

(ii) a reasonable consumer would expect that, unless otherwise informed, he or she would be able to rely on Defendant's representations of the ingredients.

72. Defendant caused Plaintiff and Class members to forgo purchasing rabbit feed from other companies due to its false representations and concealment of material facts.

73. At the direct expense of Plaintiff and Class members, Defendant benefited and profited from its false representations and concealment of material facts. As a direct and proximate result of Defendant's deception, more consumers purchased Defendant's products/rabbit feed.

74. Defendant's wrongful and injurious deception continued when it failed to provide corrective advertising to Plaintiff and Class members

75. To induce purchases of Defendant's products, Defendant intentionally caused the Class Products to be perceived as having a different price content than they in fact had.

76. Defendant's misleading advertisements had a strong tendency to, and actually did, deceive Plaintiff and Class members.

77. Plaintiff and Class members reasonably relied to their detriment on Defendant's misleading advertisements. Defendant's misleading misrepresentations and omissions caused actual harm to Plaintiff and Class members by inducing them to purchase Defendants' items. Plaintiff and Class members purchased Defendant's products as a direct and proximate result of Defendant's misleading statements and omissions.

78. All of Defendant's misleading and fraudulent conduct occurred during Defendant's business and was part of a generalized course of conduct.

79. Plaintiff and the Class accordingly are entitled to relief as provided for under the UCL, including restitution, declaratory relief, and a permanent injunction. Plaintiff also respectfully seek reasonable attorneys' fees and costs

under applicable law, including California Code of Civil Procedure section 1021.5.

### THIRD CLAIM FOR RELIEF
### Violations of the False Advertising Law,
### Cal. Bus. & Prof. Code § 17500, *et seq.*

**(On Behalf of the Class)**

80. Plaintiff incorporates the above allegations by reference.

81. Defendant violated the FAL by using false and misleading statements, and material omissions, to promote the sale of Class Products.

82. Class Products do not possess the level of quality or value that Defendant promised.

83. Defendant made uniform representations and material omissions that communicated to Plaintiff and Class members that Class Products were of a different quality and contained different ingredients.

84. Defendant knew, or in the exercise of reasonable diligence should have known, that its representations and omissions were false and misleading at the time it made them. Defendant deliberately provided false representations and omissions to deceive reasonable consumers.

85. Defendant's false and misleading advertising of Class Products deceived the general public.

86. As a direct and proximate result of Defendant's misleading and false advertising, Plaintiff and Class members have suffered injury-in-fact and have lost money and property. Plaintiff and Class members reasonably relied to their detriment on Defendant's material misrepresentations and omissions that Class Products would be of a certain quality, and contain certain ingredients.

87. Plaintiff and Class members bring this action under Business and Professions Code section 17535 to enjoin the violations described herein and to require Defendants to issue appropriate corrective disclosures. Defendant's false

advertising will continue to harm consumers unless and until it is enjoined. Plaintiff and Class members therefore seek: (a) an order requiring Defendant to cease its false advertising; (b) full restitution of all monies Defendant derived from its false advertising; (c) interest at the highest rate allowable by law; and (d) an award of reasonable attorneys' fees and costs under applicable law, including Code of Civil Procedure section 1021.5.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of themselves and the Class and Subclass defined above, respectfully request that this Court:

A. Certify this case as a class action under the California Rules of Civil Procedure, appoint Plaintiff as Class representative, and appoint the undersigned counsel as Class counsel;

B. Enter injunctive and declaratory relief as appropriate under applicable law;

C. Order restitution or actual damages to Plaintiff and Class members;

D. Award Plaintiff and Class members trebled damages along with pre- and post-judgment interest, as prescribed by law;

E. Award punitive damages, as permitted by law, in an amount to be determined by the jury or the Court;

F. Order Defendants to provide notice to the Class of this action and the remedies entered by this Court;

G. Award reasonable attorneys' fees and costs as permitted by law; and

H. Enter such other and further relief as may be just and proper.

Dated:  January 30, 2018         Respectfully submitted,

                                    LAW OFFICES OF TODD M. FRIEDMAN, PC

                                    By: /s Todd. M. Friedman
                                         TODD M. FRIEDMAN, ESQ.
                                         Attorney for Plaintiff