| | |
|---|---|
| 1 | Todd M. Friedman (SBN 216752) |
| 2 | Meghan E. George (SBN 274525) |
|   | **LAW OFFICES OF TODD M. FRIEDMAN, P.C.** |
| 3 | 21550 Oxnard St. Suite 780, |
| 4 | Woodland Hills, CA 91367 |
|   | Phone: 877-206-4741 |
| 5 | Fax: 866-633-0228 |
| 6 | tfriedman@toddflaw.com |
|   | mgeorge@toddflaw.com |
| 7 | *Attorneys for Plaintiff* |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLEY HALE individually, and on behalf of other members of the general public similarly situated, | No. 2:18-cv-00209-KJM-DB |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| vs. | |
| MANNA PRO PRODUCTS, LLC; DOES 1-10, INCLUSIVE, | |
| Defendant. | |

This Stipulation Requesting Entry of Protective Order Re Confidential Documents (the "Stipulation") is made by and between Plaintiff Ashley Hale ("Plaintiff"), Defendant Manna Pro Products, LLC, ("Defendant") and Animal Health International, Inc. ("Animal Health International") (collectively, "the Parties," or "Party" in the singular), through their respective counsel of record.

IT IS HEREBY AGREED that the following procedures shall govern the inspection, use and/or disclosure of confidential, proprietary and/or trade secret information belonging to Animal Health International, its vendors, and/or customers, that is produced by Animal Health International in connection with the above-captioned action or already in Plaintiff's possession.

1. The Confidential Documents shall be stamped with a legend stating: "Confidential Document Subject to Protective Order." The Confidential Documents shall be treated as confidential by the Parties and shall be used solely to obtain approval of the class action settlement, and to notify identified members of the proposed class of the settlement in the above-captioned action. The Confidential Documents, or any information about the Confidential Documents, shall not be disclosed in any form by the Parties or their counsel, except to (a) witnesses during their testimony at deposition and/or at arbitration, who shall first be required to sign this Stipulation and agree to be bound by it; (b) the Parties' retained experts who shall first be required to sign this Stipulation and agree to be bound by it; (c) the Settlement Administrator for purposes of administering and finalizing the class settlement in this matter, and (d) the Court, court personnel, and the court reporter and videographer (if any) present at any hearing, deposition, or arbitration;

2. The Confidential Documents, or any references thereto in any memorandum, brief, transcript, or other filing, which reveal the content of the Confidential Documents, shall not be filed with any Court or public agency unless filed under seal, as permitted by the Court;

3. No copies, extracts or summaries of the Confidential Documents shall be made except by or on behalf of counsel for the Parties for the purposes set forth in paragraph 1 above. All such copies, extracts or summaries derived from the Confidential Documents shall be designated and treated as confidential material, and none shall be delivered, exhibited or disclosed to any person except as necessary in accordance with the terms of and for the purposes set forth in paragraph 1 above;

4. Within ninety (90) days after the final disposition of the above-captioned action, all copies of the Confidential Documents, and any copies, extracts, summaries or notes made thereof which reveal the contents of the Confidential Documents, shall be delivered to counsel for the Parties or destroyed. Within that same time period, counsel for the Parties shall affirm in writing to counsel that all such documents (including, without limitation, any copies, extracts or summaries thereof) have been returned or destroyed as provided herein;

5. The Court will be requested to enter a Protective Order requiring the Parties to abide by this Stipulation; and

6. Even if the Court declines to enter a Protective Order as requested, the parties, their counsel and their experts shall remain contractually bound by this Stipulation and will abide by its terms and conditions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD

Dated: __11/14/19_____  LAW OFFICE OF TODD M. FRIEDMAN P.C.

By: */s Todd M. Friedman*_____
   Todd M. Friedman
   Meghan E. George
   Attorneys for Plaintiff

Dated:___10/18/19_____  ARMSTRONG TEASDALE LLP

By:__*/s Laura Bentele*_____
Laura Bentele
Attorneys for Defendant
MANNA PRO PRODUCTS, LLC

Dated:___10/18/19_____  ANIMAL HEALTH INTERNATIONAL, INC.

By:__*/s Joel Funk*_____
Joel Funk, Colorado Bar #017813
Associate General Counsel
Attorneys for Animal Health International, Inc.

- 3 -

STIPULATED PROTECTIVE ORDER

**ORDER**

Pursuant to the parties' stipulation, IT IS SO ORDERED.

IT IS FURTHER ORDERED THAT:

1. Requests to seal documents shall be made by motion before the same judge who will decide the matter related to that request to seal.

2. The designation of documents (including transcripts of testimony) as confidential pursuant to this order does not automatically entitle the parties to file such a document with the court under seal. Parties are advised that any request to seal documents in this district is governed by Local Rule 141. In brief, Local Rule 141 provides that documents may only be sealed by a written order of the court after a specific request to seal has been made. L.R. 141(a). However, a mere request to seal is not enough under the local rules. In particular, Local Rule 141(b) requires that "[t]he 'Request to Seal Documents' shall set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the document, and all relevant information." L.R. 141(b).

3. A request to seal material must normally meet the high threshold of showing that "compelling reasons" support secrecy; however, where the material is, at most, "tangentially related" to the merits of a case, the request to seal may be granted on a showing of "good cause." Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1096-1102 (9th Cir. 2016); Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178-80 (9th Cir. 2006).

4. Nothing in this order shall limit the testimony of parties or non-parties, or the use of certain documents, at any court hearing or trial – such determinations will only be made by the court at the hearing or trial, or upon an appropriate motion.

5. With respect to motions regarding any disputes concerning this protective order which the parties cannot informally resolve, the parties shall follow the procedures outlined in Local Rule 251. Absent a showing of good cause, the court will not hear discovery disputes on an ex parte basis or on shortened time.

6. The parties may not modify the terms of this Protective Order without the court's approval. If the parties agree to a potential modification, they shall submit a stipulation and

proposed order for the court's consideration.

7. Pursuant to Local Rule 141.1(f), the court will not retain jurisdiction over enforcement of the terms of this Protective Order after the action is terminated.

8. Any provision in the parties' stipulation that is in conflict with anything in this order is hereby DISAPPROVED.

DATED: December 18, 2019          /s/ DEBORAH BARNES
                                                    UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A
# ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the Court on _____ [date] in the case of Hale v. Manna Pro Products, et. al., Case No. 2:18-cv-00209-KJM-DB. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the above referenced court for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____