UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ashley Hale individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Manna Pro Products, LLC; DOES 1-10, Inclusive,<br><br>Defendants. | No. 2:18-cv-00209-KJM-DB<br><br>ORDER |

On July 6, 2020, the undersigned granted preliminary class certification and settlement approval. Order, July 6, 2020, ECF No. 58. On October 15, 2020, the parties stipulated to an amendment of the court's order to allow notice by publication. Stipulation, ECF No. 59. The court twice deferred its decision: First, because parties did not address how the unclaimed residual funds would be distributed. Order, Nov. 3, 2020, ECF No. 60. Second, because the parties did not explain how the *cy pres* charity, Public Justice, was an appropriate beneficiary. Order, Dec. 8, 2020, ECF No. 62. Having reviewed the stipulation and supporting materials addressing these concerns, Stipulation, ECF No. 59; Joint Response, ECF No. 61; Response, ECF No. 63; Stipulation, ECF No. 64, the court **grants** the parties' stipulation contingent on the

/////

1

1   parties providing additional support for their proposed *cy pres* distribution prior to the final
2   approval hearing, as explained below.

3       The court amends its preliminary approval order to approve the parties' notice by
4   publication plan, as described in Exhibit A to the parties' joint stipulation.  Decl. Sutherland,
5   Ex. A, ECF No. 64.  The court amends its Notice Schedule as set forth in the preliminary
6   approval order, Order at 24, ECF No. 58, directing that all relevant deadlines should run from the
7   date of the entry of this order.

8       As noted, the parties have designated a charitable organization to receive any residual
9   funds that are not distributed through the class action settlement.  The *cy pres* doctrine allows the
10  distribution of unclaimed funds to indirectly benefit the entire class.  *Six Mexican Workers v.*
11  *Ariz. Citrus Growers*, 904 F.2d 1301, 1305 (9th Cir.1990).  The *cy pres* award must qualify as
12  "the next best distribution" to giving the funds directly to the class members.  *Dennis v. Kellogg*
13  *Co.*, 697 F.3d 858, 865 (9th Cir.2012).  "[T]he *cy pres* remedy must account for the nature of the
14  plaintiffs' lawsuit, the objectives of the underlying statutes, and the interests of the silent class
15  members. . . ."  *Lane v. Facebook, Inc.*, 696 F.3d 811, 821 (9th Cir. 2012) (internal quotations
16  omitted) (citation omitted).  A court abuses its discretion if it approves a *cy pres* distribution
17  where there is "no reasonable certainty" that any class member would benefit from it.  *Dennis*,
18  697 F.3d at 865 (quoting *Six Mexican Workers*, 904 F.2d at 1308).

19      The parties propose specifically that any remaining funds be distributed to Public Justice.
20  This consumer protection suit was brought by "a California consumer, representing a class of
21  California consumers," Response at 6, ECF No. 63, alleging violations of (1) unfair and unlawful
22  business practices in violation of California's unfair competition law ("UCL"), Cal. Bus. & Prof.
23  Code § 17200, et seq., (2) fraudulent business practices in violation of the UCL, and (3) violation
24  of California's false advertising law ("FAL"), Cal. Bus. & Prof. Code § 17500, *et seq*.  Sec. Am.
25  Compl. ¶¶ 56–94, ECF No. 23.  "The UCL is designed to preserve fair competition among
26  business competitors and protect the public from nefarious and unscrupulous business practices,"
27  *Wells v. One2One Learning Found.*, 10 Cal.Rptr.3d 456, 463–64 (2004), *rev'd in part on other*
28  *grounds*, 39 Cal.4th 1164 (2006).  The parties insist a distribution to Public Justice is appropriate

1    because the organization "litigates against companies nationwide, to seek compensation for
2    victims of corporations that are violating consumer protection laws that are in place for the
3    purpose of keeping consumers safe."  Response at 6, ECF No. 63.
4         Other courts have found Public Justice to be an appropriate *cy pres* recipient in cases
5    involving similar UCL violations where the parties provided assurance the funds would be used
6    for the benefit of class members.  *Maxin v. RHG & Co., Inc.*, No. 16-2625, 2019 WL 4295325,
7    at *3 (S.D. Cal. June 24, 2019) ("Public Justice Foundation 'will use the [proposed *cy pres*]
8    award to further the underlying goals of this matter, directly and indirectly benefiting the class
9    members and similarly situated persons' by 'advanc[ing] the rights of consumers throughout the
10   country to be free of deceptive and unfair practices and . . . enforc[ing] consumers rights and
11   consumer protection laws.'") (citing Bland Decl., ECF No. 30-2); *Couser v. Comenity Bank*,
12   No. 12-2484, 2017 WL 2312080, at *3 (S.D. Cal. May 26, 2017) ("The executive director . . .
13   declares under penalty of perjury that *cy pres* funds will be used 'to further [the organizations']
14   consumer protection advocacy and education efforts nationwide.'") (citing Bland Decl. ¶ 9,
15   ECF No. 96-5).  The parties here have provided no such assurance.  As Public Justice is a
16   national organization that works in a variety of practice areas that have no connection to the
17   underlying suit or the plaintiff's interest, *see Public Justice, What We Do*,[1] without such
18   assurance the court cannot ascertain whether there is any "reasonable certainty" that any class
19   member would benefit from the distribution.  *Dennis*, 697 F.3d at 865.  As this deficiency could
20   be cured easily, the court grants the parties' stipulation contingent on the parties providing the
21   court with a declaration from Public Justice assuring the funds will be used to advance the rights
22   of the plaintiffs.  The declaration should be provided by the time of the hearing on final approval
23   confirmed below for a new date.
24        The court continues the hearing date for the Motion for Final Approval to **May 28, 2021**
25   **at 10:00 a.m.**
26   /////

---

[1] https://www.publicjustice.net/what-we-do/ (accessed Jan. 11, 2021).

1   This order resolves ECF Nos. 58 and 64.

2   IT IS SO ORDERED.

3   DATED: January 15, 2021.

                              _____
                              CHIEF UNITED STATES DISTRICT JUDGE